IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JON ARNOLD, individually and on behalf of a class of persons similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JP MORGAN CHASE BANK, N.A. AND EARLY WARNING SERVICES, LLC, )<br><br>Defendants. ) | Case No.<br><br>**PLAINTIFFS DEMAND TRIAL BY JURY** |

**CLASS ACTION COMPLAINT**

Plaintiff, Jon Arnold, by and through his attorney, and for his Complaint against Defendant JP Morgan Chase Bank, N.A. and Early Warning Services, LLC, alleges and states as follows:

**NATURE OF THE ACTION**

1. This is a proposed class action against Defendant JP Morgan Chase Bank, N.A. ("Chase") and Early Warning Services, LLC ("EWS") (Defendants Chase and EWS are referred to herein collectively as "Defendants") for failing to properly remit certain payments as directed by Chase' customers, through Defendants' "Quickpay" software application that is controlled by EWS; and failing to take corrective measures or to provide information about such a failure, once the failed remittances have been brought to Defendants' attention.

2. Plaintiff's action alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2; breach of contract; violations of the Electronic Funds Act; and unjust enrichment against

- 1 -

Defendants.

3. Plaintiff seeks damages, equitable relief and/or disgorgement from each of Defendants.

## THE PARTIES

4. Plaintiff Jon Arnold ("Plaintiff") is a citizen of the State of Illinois and resides in Elgin, Illinois.

5. Defendant JP Morgan Chase Bank, N.A. is a Federal Deposit Insurance Corporation ("FDIC") - insured institution organized under the laws of the State of Delaware. It does business in Illinois. Its principal place of business is New York City, New York.

6. Defendant Early Warning Services, LLC is a Delaware limited liability company with principal offices at 16552 N. 90th Street, Suite 100, Scottsdale, AZ 85260. It does business in Illinois. Its registered agent and office is National Corporate Research, 600 South Second St., Suite 404, Springfield, IL 62704.

7. Defendant Early Warning Services, LLC is owned and governed by five of the largest banks in the United States, including Defendant Chase. It owns, controls and operates clearXchange, an electronic payment agent which operates through Chase as an application called "Quickpay".

8. Plaintiff originally opened a checking account with a predecessor bank of Chase, First Chicago, several decades ago, which was subsequently acquired by another entity that was apparently eventually acquired by Chase.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d), because at least one class

member is a citizen of a different state than Defendants; there are more than 100 putative class members; and the aggregate amount in controversy exceeds $5,000,000.

10. This Court has personal jurisdiction over Defendants, as they are authorized to do business and in fact do business in this State, they have sufficient minimum contacts with this State and otherwise intentionally avail themselves of the markets in this State through the distribution, promotion, marketing and sale of products and services in this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. To this end, according to the FDIC, as of October 21, 2009, Chase had 171 FDIC insured branches in Illinois.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because Defendants conduct business in this district and a substantial part of the events giving rise to the claims occurred in this judicial district.

**FACTUAL ALLEGATIONS**

10. Chase operates over 5,000 branch offices in the United States, and is the largest bank (based on deposits) in the United States.

11. With its network of ATMs and branches, Chase provides a number of financial products and services to its customers, including checking and savings accounts.

12. Chase customers can debit their account through a number of means, including using a Chase "debit" card, writing a paper check, or using various services offered by Chase such as its "Quickpay" service.

13. At the time of the transaction at issue, Chase's Quickpay service

immediately - in real time - deducted the purchase or transfer amount from the customer's checking account using an agent known as "clearXchange".

14. clearXchange, which worked with certain other banks, including Defendant Chase and Bank of America, works to transfer funds to or from a Chase account to or from the account held by such other banks.

15. clearXchange is owned by Defendant EWS, which is in turn owned by Defendant Chase, Bank of America, BB&T, Capital One, PNC, U.S. Bank, and Wells Fargo; and is the largest financial institution-led digital payments network in the United States.

16. For many months prior to October 1, 2016, Plaintiff had paid his rent each month for his apartment to his landlord using Chase' Quickpay service; and that rent payment was received by his landlord in his landlord's bank account with Bank of America.

17. Plaintiff would execute a transfer instruction each month on the first day of the month using Quickpay, directing Chase to pay Plaintiff's landlord and only Plaintiff's landlord; and Plaintiff's landlord would and did receive the transferred funds from Chase, using Quickpay, through clearXchange, in the landlord's Bank of America account.

18. On October 1, 2016, Plaintiff again executed a transfer instruction to Chase through the Quickpay service to pay his monthly rent in the amount of $650.00 to his landlord, at his landlord's bank, Bank of America and to his landlord's account with Bank of America.

19. On or after October 6, 2016, Plaintiff was notified by his landlord that his landlord had not received payment from Plaintiff for rent.

20. Plaintiff immediately logged on to his Chase bank account and confirmed that a withdrawal had been made from his account for a $650 transaction on or about October 1, 2016 that he had requested and authorized, and Plaintiff viewed electronic records online indicating the transfer in the amount of $650.00 had indeed taken place, withdrawing $650.00 from his Chase account using the Quickpay service.

21. Plaintiff then immediately inquired with Chase about the transaction, and asked that Chase confirm the transaction.

22. Chase indicated that it would do so.

23. Meanwhile, Plaintiff made other arrangements for the payment of his October, 2016 rent, paying it in cash, as Plaintiff had lost all privileges of credit with his landlord, due to Defendants' failure to effectuate the transfer of funds from Chase to Bank of American through Quickpay.

24. Subsequently, Plaintiff contacted Chase and requested that it reverse the $650.00 withdrawal of funds from his account, since Plaintiff's landlord never received the funds from Plaintiff.

25. Chase refused to reverse the $650.00 transfer of funds from the account.

26. Plaintiff then went to a Bank of America branch location with his landlord, and requested that Bank of America review its records to determine whether it had received Plaintiff's Quickpay payment made on October 1.

27. Bank of America confirmed that it had received the electronically transferred payment from Plaintiff via Quickpay through clearXchange, but that the payment was apparently allocated to the incorrect account by Chase; and that the only remedy available to Plaintiff was for Chase to conduct a transaction to retrieve

the funds from Bank of America electronically, and to place the funds back in Plaintiff's account with Chase.

28. Bank of America indicated that its clearing agent, clearXchange, was aware of the transaction; and that the funds were incorrectly posted to the wrong account at Bank of America; but that Chase was the sole entity capable of reversing the transaction and executing the transfer of the funds back to Plaintiff's bank account.

29. Thus, Chase knew or could readily determine where Plaintiff's funds were transferred, but has continued to refuse to tell Plaintiff and has refused to execute the transfer.

30. Likewise, EWS was put on notice by Chase of the failed transaction, and EWS knew or could readily determine where Plaintiff's funds were transferred, but has taken no action to reverse the transfer from Chase to Bank of America.

31. Plaintiff passed this information to Chase, provided Chase with relevant transaction numbers and detail as provided by Bank of America, and again requested that it retrieve the funds.

32. Chase refused.

33. Chase provided Plaintiff with its October 12, 2016 letter, stating that it "confirmed the disputed charges were correct and we will not be making an adjustment to your account."

34. Thereafter, Chase has continued to refuse to attempt to reverse the transaction, and has continuously and willfully refused to further investigate or to make any effort to retrieve Plaintiff's funds that were transferred from his account on October 1, 2016.

35. Plaintiff objected orally and in writing to Chase' refusal to reverse the

charges, and asked that Chase provide the basis for its refusal to reverse the charges.

36. No explanation has ever been provided by Chase or EWS as to:

   a. why Chase or EWS have refused to reverse the charges to Plaintiff's account;

   b. whose account at Bank of America Plaintiff's October 1, 2016 payment was credited; nor

   c. why Chase and EWS have refused to investigate the matter further.

37. As a result of the failure of Defendants to reverse this transaction and obtain Plaintiff's funds, Defendants have improperly deprived Plaintiff of significant funds.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all other similarly situated persons.

39. Plaintiff seeks certification of an Illinois Class for the Illinois Consumer Fraud Act claim (Count I), which initially is defined as follows:

> **All Illinois JP Morgan Chase & Co. ("Chase") customers who maintained any account with Chase that permitted an electronic payment method through clearXchange or Quickpay, who issued an instruction for an electronic transfer that was incorrectly effectuated from their account.**

Excluded from the Illinois Class are Chase's current and former directors, officers, employees, agents and representatives, and members of their immediate families.

40. Plaintiff seeks certification of a national class pursuant to all other claims (Counts II-V), which is initially defined as follows:

**All JP Morgan Chase & Co. ("Chase") customers in the United States who maintained any account with Chase that permitted an electronic payment method through clearXchange or Quickpay, who issued an instruction for an electronic transfer that was incorrectly effectuated from their account.**

Excluded from the National Class are Chase's current and former directors, officers, employees, agents and representatives, and members of their immediate families.

41. <u>Numerosity</u>. The proposed Classes are each sufficiently numerous such that joinder is impractical. Upon information and belief, each Class consists of at least thousands of members which can be ascertained through Chase's and/or EWS' records.

42. <u>Common Questions of Fact and Law</u>. Common questions of fact and law exist as to all members of the Classes and predominate over any questions affecting solely individual members of the Classes, pursuant to Rule 23(b)(3). Questions of fact and law, which, among others not listed, predominate over any individual issues for each of the Classes include:

    a. Whether Defendant Chase reversed clearXchange transactions to customer accounts that its customers had previously indicated were incorrect, improperly executed or otherwise ineffective;

    b. Whether Defendants have conducted any investigation into claims that a charge is incorrect, improperly executed or otherwise ineffective;

      c.    Whether Defendant Chase has been unjustly enriched by incorrect, improperly executed or otherwise ineffective transactions, resulting from its refusal to reverse such charges from its customers' accounts;

      d.    Whether Defendants as a matter of policy examine all available evidence to determine where funds have been transferred when a customer complains that transfers or payments to or from customer accounts through Quickpay were incorrect, improperly executed or otherwise ineffective; and

      e.    Whether Defendant Chase conducts any investigation prior to determining that it will not reverse clearXchange or Quickpay transactions that its customers have told it are incorrect, improperly executed or otherwise ineffective.

43.    Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, through their unfair conduct in refusing to reverse the transaction as set forth above.

44.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of members of each of the Classes because the claims are uniform and encountered in the same manner by Plaintiff and members of each of the Classes, and because Plaintiff and members of the Classes sustained damages arising out of Defendants' wrongful conduct as detailed herein.

45.    <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class members and has retained counsel competent and experienced in class action lawsuits.  Plaintiff has no interests antagonistic to or in conflict with those of the putative Class members and therefore is an adequate representative for the Class members.

46. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the joinder of all members of each of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of an inconsistent and potentially conflicting adjudication of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

## COUNT I

**Illinois Consumer Fraud and Deceptive Business Practices Act vs. All Defendants**

47. Plaintiff repeats and re-alleges the allegations contained in each of the paragraphs of the Complaint as if fully set forth herein.

48. Defendants' acts and practices, as described herein, constitute unfair acts or practices in that they offend public policy, are immoral, unethical, oppressive, unjust, unconscionable, and/or unscrupulous, and caused and continue to cause substantial economic injury to Plaintiff and the putative Illinois Class. As such, Defendants' acts violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.* ("ICFA").

49. Defendants' unfair acts or practices described herein include, but are certainly not limited to:

    a. failing to properly effectuate an electronic transfer when Defendants know or reasonably should know that a consumer is relying on Defendants to properly effectuate a transaction that has been ordered by the consumer;

    b. failing or omitting to inform a consumer where such funds have been transferred when Defendants know or reasonably should know

where such funds have been transferred;

  c. refusing to reverse debits or charges to customer accounts that their customers had previously indicated were incorrect, mistaken or unauthorized;

  d. permitting in the first place the transfer of funds to an incorrect account through the clearXchange or Quickpay agent; and

  e. continuing to allow such charges or debits to stand when they know or should know that such charges are incorrect, mistaken or ineffective.

50. As a result of Defendants' unfair acts or practices, Plaintiff and the Illinois Class have suffered injury in fact and have lost substantial money or property. In addition, incorrect or mistaken, or ineffective transactions that are reinstated by Defendants frequently result in the imposition of overdraft charges to the customer because of Defendants' failure to replace funds incorrectly transferred from the consumer's account.

51. Pursuant to ICFA, Plaintiff, on behalf of himself and for the Illinois Class, is entitled to equitable relief, including all monies transferred by Defendants as a result of their alleged misconduct, a permanent injunction enjoining Defendants from their unlawful and unfair business activities as alleged herein and requiring Defendants to implement processes and procedures to protect Defendants' customers from such errors and immediately reversing such transactions, and such other appropriate relief as described herein.

## COUNT II

**Unjust Enrichment vs. Defendant Chase**

52. Plaintiff repeats and re-alleges the allegations contained in each of the paragraphs of this Complaint as if fully set forth herein.

53. Defendant Chase has been enriched by its unfair acts and/or practices alleged herein.

54. Upon information and belief, the unfair acts and/or practices allowed Defendant Chase to unlawfully receive transaction fees related to such transactions that it would not have otherwise obtained.

55. Plaintiff and members of the National Class have paid Defendant Chase for overdraft charges which were improperly assessed as a result of Defendant Chase's incorrect, mistaken or ineffective charges that left consumers with fewer funds in their accounts.

56. Defendant Chase lacks any legal or business justification for having engaged in an unfair course of conduct as alleged herein, at the expense of Plaintiff and members of the National Class.

## COUNT III

**Electronic Funds Transfer Act vs. All Defendants**

57. Plaintiff repeats and re-alleges the allegations contained in each of the paragraphs of this Complaint as if fully set forth herein.

58. The Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA") is a federal consumer rights statute that establishes the rights, liabilities, and responsibilities of participants (including consumers, financial institutions, and intermediaries) in electronic fund transfer systems.

59. Defendants directly or indirectly hold an account belonging to a consumer, or issue an access device and agree with a consumer to provide electronic fund transfer services.

60. Plaintiff is a "consumer" under EFTA; and Defendants Chase and EWS are "financial institutions" under EFTA.

61. The regulations adopted under EFTA state that EFTA applies "to any electronic fund transfer that authorizes a financial institution to debit or credit a consumer's account." 12 C.F.R. § 205.3(a).

62. The fraudulent transactions set forth above in paragraphs 18, 20-22, 24-25, 27-28, and 31-36 arose from a transfer of funds that was initiated by electronic means and debited or credited a consumer account.

63. Plaintiff and the members of this proposed class allege that Defendants failed to properly effectuate electronic transfers by debiting their bank accounts but not properly transferring payment to another account.

64. EFTA provides that the burden of proof is upon the financial institution to show that an electronic fund transfer was properly effectuated.

65. Defendants have made no effort to demonstrate to Plaintiff that the electronic funds transfers from his account were properly effectuated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his behalf and on behalf of the Classes set forth herein, prays for relief as follows:

A. For an order certifying the Classes as set forth herein, and appointing Plaintiff and his counsel to represent the Classes;

B. For an order awarding Plaintiff and the Class members actual and compensatory damages in an amount which may be proven at trial;

C. For an order awarding Plaintiff and the Class members restitution and/or disgorgement from Defendants and other equitable relief as the Court deems proper;

D. For an order awarding Plaintiff and the Class members punitive damages as to the appropriate causes of action;

E. For an order enjoining Defendants, under its own equitable power and under the Illinois Consumer Fraud Act, 815 § 505/1, *et seq.*, from continuing to engage in the acts and practices as alleged herein;

F. For an order awarding Plaintiff and the Classes pre-judgment and post-judgment interest, as well as their reasonable attorneys' and expert-witness fees and other costs pursuant to 735 ILCS §5/2-1303, and other statutes as may be applicable; and

G. For an order awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues plead herein.

DATED: September 30, 2018

                          **Respectfully Submitted,**
                          **JON ARNOLD,**
                          **Individually and on Behalf of**
                          **All Others Similarly Situated.**

                          By: /s/ Jeffrey Grant Brown
                                Jeffrey Grant Brown
                                Attorney for Plaintiffs

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
312.789.9700