IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JON ARNOLD, individually and on behalf of a class of persons similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 1:18-cv-06644 ) ) Hon. Sara L. Ellis |
| v. | ) United States District Judge ) |
| JP MORGAN CHASE BANK, N.A. AND EARLY WARNING SERVICES, LLC, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
MOTION TO STAY FURTHER PROCEEDINGS AND COMPEL ARBITRATION**

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby moves to compel arbitration of Plaintiff's claims and stay this action pursuant to Federal Rule of Civil Procedure 12(b)(3)[1] and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. In support of this Motion, Chase states as follows:

1. Plaintiff Jon Arnold ("Plaintiff") filed this putative class action lawsuit against Chase asserting claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*. ("ICFA"), and the Electronic Funds Transfer Act, 15 U.S.C. § 1693 ("EFTA"), and for unjust enrichment. In the complaint, Plaintiff claims that he is a customer of Chase and that Chase allegedly failed to properly process a payment from his checking account in October 2016 and then failed to take corrective measures or provide information about the payment after Plaintiff brought the transaction to Chase's attention. (Compl. ¶¶ 1, 8, 18-36.)

---

[1] "An arbitration clause is a type of forum-selection clause…. Motions to compel arbitration thus concern venue and are brought properly under Federal Rule of Civil Procedure 12(b)(3), not 12(b)(1)." *Grasty v. Colo. Tech. Univ.*, 599 Fed. Appx. 596, 597 (7th Cir. 2015).

2. Plaintiff is subject to a binding and enforceable written arbitration agreement between Plaintiff and Chase ("Arbitration Agreement") that requires Plaintiff to arbitrate his disputes on an individual basis, including the claims asserted in his complaint. Under the Arbitration Agreement, Plaintiff agreed, among other things that:

> You and we agree that upon the election of either of us, any dispute relating in any way to your account or transactions will be resolved by binding arbitration as discussed below, and not through litigation in any court (except for matters in small claims court).
>
> This arbitration agreement is entered into pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA").

(Chase's Mem. Ex. 1 (Deck Dec.) at p. 338 (Ex. J, p. 15).)

3. The Arbitration Agreement broadly covers all claims concerning Plaintiff's account, any transactions Plaintiff made using his account, and the relationship between the parties:

> Claims or disputes between you and us about your deposit account, transactions involving your deposit account, safe deposit box, and any related service with us are subject to arbitration. Any claims or disputes arising from or relating to this agreement, any prior account agreement between us, or the advertising, the application for, or the approval or establishment of your account are also included. Claims are subject to arbitration, regardless of what theory they are based on or whether they seek legal or equitable remedies. Arbitration applies to any and all such claims or disputes, whether they arose in the past, may currently exist, or may arise in the future. All such claims or disputes are referred to in this agreement as "Claims."

(*Id*. at p. 339 (Ex. J, p. 16).)

4. The Arbitration Agreement also includes language requiring Plaintiff's claims to be resolved via arbitration on an individual basis:

> Claims in arbitration will proceed on an individual basis, on behalf of the named parties only. YOU AND WE AGREE NOT TO:
>
> 1) SEEK TO PROCEED ON ANY CLAIM IN ARBITRATION AS A CLASS CLAIM OR CLASS ACTION OR OTHER COMPARABLE REPRESENTATIVE PROCEEDING;

> 2) SEEK TO CONSOLIDATE IN ARBITRATION ANY CLAIMS INVOLVING SEPARATE CLAIMANTS (EXCEPT FOR CLAIMANTS WHO ARE ON THE SAME ACCOUNT), UNLESS ALL PARTIES AGREE;
> 3) BE PART OF, OR BE REPRESENTED IN, ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE; NOR
> 4) SEEK ANY AWARD OR REMEDY IN ARBITRATION AGAINST OR ON BEHALF OF ANYONE WHO IS NOT A NAMED PARTY TO THE ARBITRATION.

(*Id.* (emphasis in original).)

5. Plaintiff did not opt out of the Arbitration Agreement as was his option under the Deposit Account Agreement and therefore he agreed to arbitration. (*Id.* at p. 338 (Ex. J, p. 15); Chase Mem. Ex. 3 (Sergi Dec.).) Plaintiff also continued to maintain his Chase checking account and use Chase's banking services at all relevant times and remained a Chase customer through the date that he filed his complaint.[2]

6. Counsel for Chase has conferred with counsel for Plaintiff concerning the subject matter of Chase's Motion, but the parties have not reached agreement on the relief that Chase seeks.

7. In support of its Motion, Chase relies on Plaintiff's complaint and Chase's Memorandum in Support of Its Motion to Stay Further Proceedings and Compel Arbitration,

---

[2] The 2012 Deposit Account Agreement and every subsequent amendment provided as follows: "We may change the terms of this agreement … at any time. We will tell you about changes at least 30 calendar days in advance…By maintaining your account after the effective date of any change, you agree to the change." (Chase Mem. Ex. 1 (Deck Dec.) at p. 35 (Ex. A, DAA p. 22); *id.* at p. 78 (Ex. B, p. 15); *id.* at p. 116 (Ex. C, p. 16); *id.* at p. 148 (Ex. D, p. 14); *id.* at p. 181 (Ex. E, p. 14); *id.* at p. 213 (Ex. F, p. 14); *id.* at p. 244 (Ex. G, p. 14); *id.* at p. 275 (Ex. H, p. 14); *id.* at p. 306 (Ex. I, p. 14); *id.* at p. 337 (Ex. J, p. 14.).) Each amendment includes the same Arbitration Agreement and express requirement to arbitrate individually. (*See* Chase Mem. Ex. 1 (Deck Dec.) at p. 37-39 (Ex. A, DAA p. 24-26); *id.* at p. 80-81 (Ex. B, p. 17-18); *id.* at p. 117-119 (Ex. C, p. 17-19); *id.* at p. 150-151 (Ex. D, p. 16-17); *id.* at p. 183-184 (Ex. E, p. 16-17); *id.* at p. 214-216 (Ex. F, p. 15-17); *id.* at p. 245-247 (Ex. G, p. 15-17); *id.* at p. 276-278 (Ex. H, p. 15-17); *id.* at p. 307-309 (Ex. I, p. 15-17); *id.* at p. 338-340 (Ex. J, p. 15-17.).

including the related declarations and exhibits attached thereto, all of which are being filed contemporaneously herewith and are incorporated herein by reference.

WHEREFORE, for the foregoing reasons, and the reasons explained in Chase's Memorandum of Law, Chase respectfully requests that this Court grant Chase's Motion in its entirety and compel Plaintiff to arbitrate his claims on an individual basis, stay the present proceedings, and grant such other relief that is proper and just.

Dated: December 7, 2018

Respectfully submitted,

*/s/ Paul J. Ferak*
Paul J. Ferak (ARDC No. 6272208)
Michael R. Cedillos (ARDC No. 6296052)
Christopher A. Mair (ARDC No. 6324283)
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

*Attorneys for JPMorgan Chase Bank, N.A.*

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 7, 2018, a true copy of the foregoing was served by this Court's ECF system on all counsel of record.

                                                          */s/ Paul J. Ferak*