IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JON ARNOLD, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

JP MORGAN CHASE BANK, N.A. and EARLY WARNING SERVICES, LLC,

*Defendants.*

Case No. 18-cv-6644

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EARLY WARNING SERVICES, LLC'S MOTION TO COMPEL ARBITRATION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(3) and 9 U.S.C. §§ 3 and 4, Defendant Early Warning Services, LLC ("Early Warning") hereby respectfully moves this Court to enter an Order (i) compelling individual arbitration of Plaintiff Jon Arnold's claims as required by his arbitration agreements with Defendant JP Morgan Chase Bank, N.A. ("Chase") and (ii) staying or dismissing this litigation against Early Warning until arbitration is complete.

**I.  INTRODUCTION**

Plaintiff Jon Arnold purports to assert claims against Chase and Early Warning for alleged violations of the Illinois Consumer Fraud Act and the Electronic Fraudulent Transfer Act.[1] Plaintiff's claims are based on a transaction he initiated from his Chase bank account in which he electronically transferred money to his landlord's Bank of America account using Chase's "QuickPay" service, which allows Chase customers to send money electronically through Chase's website or its mobile application using Early Warning's clearXchange service. Even if a violation

---

[1]  Plaintiff also asserts an unjust enrichment claim against Chase, but Plaintiff does not assert that claim against Early Warning.

of the statutes occurred (and one did not), Plaintiff cannot bring these claims in this Court because his various agreements with Chase require him to individually arbitrate, rather than litigate in court, the claims he attempts to assert in this lawsuit.

Early Warning's Motion to Compel Arbitration should be granted because Plaintiff is bound by the arbitration agreements with Chase, and the third-party beneficiary doctrine permits Early Warning (as a non-signatory) to enforce the arbitration agreements. Specifically:

- Plaintiff is a Chase customer and is bound by the Chase arbitration agreements. The scope of the agreements is broad, encompassing "any dispute relating in any way to your account or transactions," and "any dispute, claim or controversy arising now or in the future under or relating in any way to" Chase's online services. Chase Deposit Account Agreement ("DAA"), Declaration of Laura Deck, Dkt. 25-1, Exhibit J, ¶ I.12; Chase Online Services Agreement ("OSA"), Declaration of Nicholas Sergi, Exhibit B, Dkt. 25-3, ¶ 12.

- Plaintiff's claims in this litigation fall squarely within the scope of the arbitration agreements. Plaintiff's claims relate to his Chase account transactions and online services because he bases his claims on his allegations that he attempted to use Chase's QuickPay service to transfer money from his Chase checking account to his landlord. *See* Compl. ¶¶ 16–37. He also alleges that he accessed his Chase account information using Chase's online services to confirm that the transfer was processed. *Id*. ¶ 20.

- Early Warning is entitled to enforce Plaintiff's arbitration agreements as a third-party beneficiary of the agreements. Early Warning is a third-party beneficiary of the arbitration agreements because the agreements expressly apply to third-parties who are involved in the conduct giving rise to the claim to be arbitrated. Early Warning is

involved in the underlying transaction because it owned clearXchange, the service that enabled Chase customers to transfer money via QuickPay.

For these reasons, and those set forth more fully below, the Federal Arbitration Act ("FAA") requires this Court to grant this motion and compel Plaintiff to individually arbitrate his claims.

**II.     BACKGROUND[2]**

Plaintiff entered into multiple agreements with Chase (collectively, the "Chase Agreements") that require him to arbitrate his claims. The Chase Agreements are described in detail in Chase's motion to compel arbitration (Dkt. 24), which (to avoid repetition) Early Warning incorporates herein by reference.

As explained in Chase's brief, Plaintiff entered into a Deposit Account Agreement with Chase. The DAA includes an arbitration agreement which clearly describes the arbitration obligation:

> **12. Arbitration**
> You and we agree that upon the election of either of us, any dispute relating in any way to your account or transactions will be resolved by binding arbitration as discussed below, and not through litigation in any court (except for matters in small claims court).
>
> This arbitration agreement is entered into pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA").
>
> …
>
> **What claims or disputes are subject to arbitration?**
>
> Claims or disputes between you and us about your deposit account, transactions involving your deposit account, safe deposit box, and any related service with us are subject to arbitration. Any claims or disputes arising from or relating to this agreement, any prior account agreement between us, or the advertising, the application for, or the

---

[2] For purposes of this motion only, Early Warning assumes the factual allegations in the complaint to be true. In the event this case proceeds beyond this Motion to Compel Arbitration (and it should not), Early Warning reserves the right to contest the veracity and legal sufficiency of Plaintiff's allegations.

3

> approval or establishment of your account are also included. Claims are subject to arbitration, regardless of what theory they are based on or whether they seek legal or equitable remedies. Arbitration applies to any and all such claims or disputes, whether they arose in the past, may currently exist or may arise in the future. All such claims or disputes are referred to in this section as "Claims."
>
> The only exception to arbitration of Claims is that both you and we have the right to pursue a Claim in a small claims court instead of arbitration, if the Claim is in that court's jurisdiction and proceeds on an individual basis.

DAA ¶ I.12. The arbitration agreement in the DAA also includes a class action waiver:

> YOU AND WE ALSO WAIVE ANY ABILITY TO ASSERT OR PARTICIPATE IN A CLASS OR REPRESENTATIVE BASIS IN COURT OR IN ARBITRATION. ALL DISPUTES, EXCEPT AS STATED BELOW, MUST BE RESOLVED BY BINDING ARBITRATION WHEN EITHER YOU OR WE REQUEST IT.

*Id.* In addition, the arbitration provision makes clear that claims against third parties and Chase "affiliates" must be arbitrated:

> **Does arbitration apply to Claims involving third parties?**
>
> Arbitration applies whenever there is a Claim between you and us. If a third party is also involved in a Claim between you and us, then the Claim will be decided with respect to the third party in arbitration as well, and it must be named as a party in accordance with the rules of procedure governing the arbitration. No award or relief will be granted by the arbitrator except on behalf of, or against, a named party. For purposes of arbitration, "you" includes any person who is listed on your account, and "we" includes JPMorgan Chase Bank, N.A., all its affiliates, and all third parties who are regarded as agents or representatives of ours in connection with a Claim. (If we assign your account to an unaffiliated third party, then "we" includes that third party.) The arbitration may not be consolidated with any other arbitration proceeding.

*Id.*

Plaintiff entered into other agreements with Chase, including the Online Services Agreement. That agreement confirmed Plaintiff's agreement to be bound by the Deposit Account Agreement described above. *See* OSA ¶ 9 ("[Y]ou agree to be bound by and comply with . . . all

account agreements . . . ."). The Online Services Agreement also includes an arbitration agreement:

> **YOU HEREBY AGREE THAT ANY DISPUTE, CLAIM OR CONTROVERSY ARISING NOW OR IN THE FUTURE UNDER OR RELATING IN ANY WAY TO THIS AGREEMENT, OR TO THE ONLINE SERVICE ("CLAIM"), REGARDLESS OF THE NATURE OF THE CAUSE(S) OF ACTION ASSERTED (INCLUDING CLAIMS FOR INJUNCTIVE, DECLARATORY, OR EQUITABLE RELIEF), SHALL BE RESOLVED BY BINDING ARBITRATION. CLAIMS SUBJECT TO ARBITRATION INCLUDE CLAIMS THAT ARE MADE AS COUNTERCLAIMS, CROSS CLAIMS, THIRD PARTY CLAIMS, INTERPLEADERS, OR OTHERWISE. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, AND YOU THEREFORE AGREE TO WAIVE ANY RIGHT THAT YOU OR WE MIGHT OTHERWISE HAVE HAD TO A JURY TRIAL OR THE OPPORTUNITY TO LITIGATE ANY CLAIMS IN COURT BEFORE EITHER A JUDGE OR JURY. YOU FURTHER AGREE THAT YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION (SUCH AS AN ACTION IN THE FORM OF A PRIVATE ATTORNEY GENERAL) TO LITIGATE ANY CLAIMS IN COURT BEFORE EITHER A JUDGE OR JURY; NOR WILL YOU BE ABLE TO PARTICIPATE AS A CLASS MEMBER IN A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN ARBITRATION OR IN COURT BEFORE EITHER A JUDGE OR JURY. IF THE PRECEDING SENTENCE IS NOT ENFORCED FOR ANY REASON, THEN YOU AGREE THAT IN SUCH CASE ANY CLASS DISPUTE WILL NOT BE RESOLVED THROUGH ARBITRATION.**
>
> This binding arbitration provision applies to any and all Claims that you have against us, our parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and against all of their respective employees, agents, or assigns, or that we have against you; it also includes any and all Claims regarding the applicability of this arbitration clause or the validity of the Agreement, in whole or in part. It is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16, as it may be amended.

*Id.* ¶ 12. That agreement also includes a class action waiver. *Id.* And it provides that the "arbitration provision applies to any and all Claims that you have against us, our parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and against all of their respective employees, agents, or assigns." *Id.*[3]

### III. ARGUMENT

#### A. The FAA Applies and Requires Enforcement of the Arbitration Agreements.

The FAA preempts state law and requires enforcement of arbitration agreements by providing that agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA applies to any written arbitration agreement contained in a contract "evidencing a transaction involving commerce." *Id.* The Supreme Court has expansively construed the phrase "involving commerce" as extending the FAA's reach to the full limit of Congress' Commerce Clause power. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 268 (1995).

The FAA unquestionably applies to the arbitration agreements at issue here. Indeed, the agreements expressly provide that they are "entered into pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16." DAA ¶ I.12.[4] Moreover, the FAA applies because the contract between Plaintiff and Chase is a contract between citizens of different states. Chase is a national banking association with its main office as designated in its Articles of Association, in Ohio, and Plaintiff is a citizen of the State of Illinois. Compl. ¶¶ 4-5. Contracts between citizens of different states affect commerce, rendering the FAA applicable. *See, e.g.*, *Falbe v. Dell Inc.*, No. 4-c-1425, 2004 U.S. Dist. LEXIS 13188, at *7 (N.D. Ill. July 12, 2004) ("Because the transaction at issue involved

---

[3] Plaintiff similarly agreed to be bound by the Deposit Account Agreement in Chase's QuickPay Services Agreement, which governs his use of the QuickPay service at issue here. Declaration of Nicholas Sergi, Dkt. 25-3, Exhibit C, ¶ 16.

[4] *See also* OSA ¶ 12.

interstate commerce—a Delaware corporation with its principal place of business in Texas sold a computer to an Illinois citizen—the arbitration agreement in the Terms and Conditions is governed by the FAA.").

"The principal purpose of the FAA is to ensur[e] that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (internal quotation marks omitted). The FAA both "embod[ies]" and declares a "national policy favoring arbitration." *Id.* at 346; *Preston v. Ferrer*, 552 U.S. 346, 353 (2008). The Supreme Court has interpreted the FAA as reflecting both "a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *Concepcion*, 563 U.S. at 333. "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Id.* at 339 (internal citation omitted).

The Supreme Court consistently has recognized and reiterated this strong public policy in favor of arbitration. *See, e.g.*, *Am. Express Co. v. Italian Colors Rest.,* 133 S. Ct. 2304, 2308–09 (2013); *Concepcion*, 563 U.S. at 339. Illinois law is in accord. *See Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 530 N.E.2d 439, 443 (Ill. 1988) ("The [Illinois Uniform Arbitration Act] embodies a legislative policy favoring enforcement of agreements to arbitrate future disputes."). To further the FAA's purposes, the Supreme Court has emphasized that courts should interpret arbitration clauses liberally in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"). The Supreme Court has instructed that courts should "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Preston*, 552 U.S. at 357 (quotation omitted). "A prime objective of an agreement to

arbitrate is to achieve streamlined proceedings and expeditious results." *Concepcion*, 563 U.S. at 346.

This Court should grant Early Warning's Motion and require Plaintiff to arbitrate his claims because, as set forth below: (i) Plaintiff is bound by the obligations in his agreements with Chase, including the obligation to arbitrate disputes on an individual basis; (ii) Plaintiff's claims fall within the scope of those arbitration agreements; and (iii) Early Warning is entitled to enforce Plaintiff's arbitration agreements with chase as a third-party beneficiary and a closely related entity.

### B. Plaintiff Agreed to Arbitrate the Claims He Asserts in This Lawsuit.

Plaintiff agreed to arbitrate, rather than litigate in court, the claims asserted in this lawsuit. As demonstrated in Chase's motion to compel arbitration, the Chase Agreements are valid and enforceable against Plaintiff. *See* Chase's Memo. in Support of Motion to Compel Arbitration, Dkt. 25 at 9–12.

### C. Plaintiff's Claims Fall Within the Scope of Plaintiffs' Arbitration Agreements.

The arbitration agreements broadly apply to "[a]ny claims or disputes arising from or relating to" Plaintiff's Deposit Account Agreement and "**ANY DISPUTE, CLAIM OR CONTROVERSY ARISING . . . UNDER OR RELATING IN ANY WAY TO [THE ONLINE SERVICES AGREEMENT], OR TO THE ONLINE SERVICE**." DAA ¶ I.12; OSA ¶ 12. The arbitration agreement in the DAA specifically applies to claims relating to "transactions involving [Plaintiff's] deposit account." DAA ¶ I.12.

Plaintiff's claims fall directly within the scope of the arbitration agreements because they relate to transactions involving Plaintiff's deposit account and Plaintiff's use of Chase's online account services. Plaintiff bases his claims on an allegation that he transferred money from his Chase "checking account." Compl. ¶¶ 13–18. He alleges that Chase "deduct[s] the purchase or

transfer amount from the customer's checking account" and that Early Warning's clearXchange service "works to transfer funds to or from a Chase account." *Id.* ¶¶ 13–14. Plaintiff also alleges that he used Chase's online services to verify whether his attempted payment was processed. *Id*. ¶ 20. Thus, it could not be clearer that Plaintiff's claims relate to his deposit account and his use of Chase's online account services.

### D. Early Warning is Entitled to Enforce Plaintiff's Arbitration Agreements With Chase.

Although Early Warning is not a signatory to the Chase Agreements, it is nonetheless entitled to enforce the arbitration agreements against Plaintiff. Non-signatories can compel arbitration against signatories under "traditional principles of state law." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009); *see also A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018) (applying Nevada choice of law provision when assessing ability to compel arbitration against non-party). The Deposit Account Agreement is governed by Illinois law, and the Online Services Agreement is governed by New York law. DAA ¶ I.6; OSA ¶ 18. Both Illinois and New York law permit Early Warning to compel arbitration against Plaintiff as a third-party beneficiary. New York law also permits Early Warning to compel arbitration because Plaintiff alleges that Early Warning is "closely related" to Chase.

#### 1. Early Warning is a Third-Party Beneficiary to the Deposit Account Agreement Under Illinois Law.

In Illinois, a third-party beneficiary can enforce an arbitration agreement. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 734 (7th Cir. 2005); *see also Johnson v. Noble*, 608 N.E.2d 537, 540 (Ill. App. Ct. 1992) ("The third-party beneficiary doctrine applies to arbitration agreements."). A third-party beneficiary can enforce an arbitration agreement when its rights "affirmatively appear from the language of the instrument" and the provision is "made for the *direct* benefit of the third party." *Cont'l Cas.*, 417 F.3d at 734. It is "not necessary that the

9

beneficiary be identified by name in the contract." *Id.* Instead, all that is required is that the beneficiary "be identified in some manner, for example, by describing the class to which it belongs." *Id.* (citing *Holmes v. Fed. Ins. Co.*, 820 N.E.2d 526, 530 (Ill. App. Ct. 2004)).

Early Warning can enforce the arbitration agreement in the Deposit Account Agreement because it is a third-party beneficiary of the agreement. This fact is evident from the face of the arbitration agreement, which unambiguously permits third parties in Early Warning's position to enforce the agreement. Indeed, the arbitration agreement expressly provides that "[i]f a third party is also involved in a Claim between you and us, then the Claim will be decided with respect to the third party in arbitration as well, and it must be named as a party in accordance with the rules of procedure governing the arbitration." DAA ¶ I.12. Early Warning falls within the class of third parties "involved in a claim" between Plaintiff and Chase because Plaintiff named both Chase and Early Warning as defendants in this lawsuit and asserted an Illinois Consumer Fraud and Deceptive Business Practices Act claim and Electronic Funds Transfer Act claim against both parties based on a transaction that Plaintiff alleges involved both Chase and Early Warning. Compl. ¶ 2.

Moreover, the Complaint alleges joint conduct by Chase and Early Warning without making a distinction between the two entities. For example, Plaintiff refers to the Defendants "collectively" and alleges that they both "fail[ed] to properly remit certain payments as directed by Chase' [sic] customers." *Id.* ¶ 1. Plaintiff also alleges that: (i) Chase QuickPay is "controlled" by Early Warning; (ii) Early Warning's clearXchange service "works to transfer funds to or from a Chase account;" and (iii) he would send his landlord money "using [Chase] QuickPay, through clearXchange." *Id.* ¶¶ 1, 14, 17. Plaintiff plainly alleges that Early Warning's clearXchange services are closely linked with Chase's QuickPay services. Thus, Early Warning is plainly "involved" in the alleged transaction at the center of this lawsuit. Accordingly, Early Warning's

rights affirmatively appear in the agreement, Early Warning falls within the class of beneficiaries to which the arbitration agreement applies, and the arbitration agreement was made for Early Warning's direct benefit.

Illinois courts, federal and state, routinely permit third parties to enforce arbitration agreements. *See, e.g.*, *Cont'l Cas.*, 417 F.3d at 735 (holding that defendant could "enforce the Participation Agreement's arbitration provision as a third-party beneficiary"). For example, Judge Gettleman recently compelled arbitration under similar circumstances. In *Brown v. Worldpac, Inc.*, a truck driver sued a wholesale distributor for which he delivered product. No. 17-cv-6396, 2018 U.S. Dist. LEXIS 16372, at *2 (N.D. Ill. Feb. 1, 2018). The truck driver had been hired by a staffing company and did not have a contract with the distributor. *Id.* The driver's contract with the staffing company contained an arbitration provision that required him to arbitrate any claims against the staffing company or its "customers." *Id.* at *8. Although the distributor was not named in the agreement, Judge Gettleman held that the distributor was "entitled to enforce the arbitration provision as a third-party beneficiary of that provision" because it was a customer of the staffing company. *Id.* at *8–9.

Like the distributor in *Brown*, Early Warning is an intended third-party beneficiary under Illinois law of the arbitration provision in Chase's Deposit Account Agreement. In fact, it is even more evident that Early Warning is an intended third-party beneficiary as the agreement expressly contemplates and requires arbitration against a third party involved in the underlying conduct. Early Warning can therefore compel arbitration against Plaintiff.

### 2. *Early Warning is a Third-Party Beneficiary of the Online Services Agreement Under New York Law.*

The Online Services Agreement confirms that Plaintiff agreed to be bound by the terms of the Deposit Account Agreement. *See* OSA ¶ 9 ("[Y]ou agree to be bound by and comply with . .

. all account agreements . . . ."). That includes the DAA's arbitration agreement which—as shown above—permits Early Warning to compel arbitration against Plaintiff. That should end the inquiry, and Plaintiff should be required to arbitrate his claims against Early Warning.

That conclusion is underscored by the fact that the Online Services Agreement also contains an arbitration agreement that Early Warning can enforce. That arbitration agreement is governed by New York law. OSA ¶ 18. In New York, a non-signatory can enforce a contractual provision if "the contract was intended for his benefit" and the benefit is "sufficiently immediate." *Greater Bright Light Home Care Servs., Inc. v. Jeffries-El*, 58 N.Y.S.3d 68, 74-75 (App. Div. 2017). It is "not necessary that third-party beneficiaries be identified or identifiable at the time of the making of the contract." *981 Third Ave. Corp. v. Beltramini*, 108 A.D.2d 667, 669 (N.Y. App. Div. 1985). Instead, the intended beneficiary need only "be one of a class of persons intended to be benefited." *Id.*

The language in the Online Services Agreement shows that it was intended to benefit Early Warning and that the benefit was "sufficiently immediate." The agreement expressly provides that the "arbitration provision applies to any and all Claims that you have against us, our parent, subsidiaries, ***affiliates***, licensees, predecessors, successors, assigns, and against all of their respective employees, agents, or assigns." OSA ¶ 12 (emphasis added). Early Warning falls within the class of persons intended to benefit from the agreement as – based on Plaintiff's own allegations – it is an "affiliate" of Chase. Indeed, Plaintiff alleges that Chase's online QuickPay service "is controlled by [Early Warning]" and that Early Warning's clearXchange "operates through Chase as an application called 'Quickpay.'" Compl. ¶¶ 1, 7. Plaintiff also alleges that clearXchange "works to transfer funds to or from a Chase account." *Id.* ¶ 14. Moreover, Plaintiff alleges that Early Warning is "owned and governed" (in part) by Chase. *Id.* ¶ 7. Ownership, even

in part, is a textbook indicia of affiliation. *See Affiliate*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "affiliate" as an organization related to another by "shareholdings or other means of control."). Put simply, Plaintiff's allegations are premised on an affiliation between Early Warning and Chase with respect to the transaction at issue, and that establishes Early Warning as an intended beneficiary of the arbitration agreement by the agreement's plain terms.

The court's decision in *Bakon v. Rushmore Services Center, LLC*, No. 16-CV-6137, 2017 U.S. Dist. LEXIS 85038 (E.D.N.Y. June 2, 2017), is instructive. In *Bakon*, an arbitration provision was contained in an agreement that applied to the all "employees, parents, subsidiaries, *affiliates*, beneficiaries, agents and assigns of you and us." *Id.* at *2 (emphasis added). One of the signatories to the agreement authorized the defendant—who was not a signatory—to collect debt owed by the plaintiff, also a signatory. *Id.* The court held that the debt collector could compel arbitration:

> That Premier, a signatory to the Agreement, "authorized or retained" Rushmore to collect on Bakon's account makes Rushmore, a[t] minimum, an "affiliate" of Premier expressly contemplated by the Agreement. Rushmore, as a member of this class, was intended as a third party beneficiary who may enforce the Agreement.

*Id.* at *8. The same holds true here. Early Warning is a third-party beneficiary of the Online Services Agreement and is entitled to compel arbitration against Plaintiff.

### 3. Early Warning Can Compel Arbitration Because Under Plaintiff's Allegations it is "Closely Related" to Chase under New York Law.

Early Warning can also enforce the arbitration provisions in the Chase Online Services Agreement—which is governed by New York law—because as alleged it is "closely related to one of the signatories." *Freeford Ltd. v. Pendleton*, 53 A.D.3d 32, 39 (N.Y. App. Div. 2008) (permitting non-signatory to enforce forum selection clause) (quotation marks omitted). A non-signatory is considered "closely related" to a signatory when enforcement of contractual provision

13

is "foreseeable by virtue of the relationship between them." *Id.* The non-signatory defendant must have a "sufficiently close relationship with the signatory and the dispute to which the forum selection clause applied." *Tate & Lyle Ingredients Ams., Inc. v. Whitefox Tech. USA, Inc.*, 98 A.D.3d 401, 402 (N.Y. App. Div. 2012).

Early Warning is "closely related" to Chase for at least two reasons. First, as shown above, under Plaintiff's allegations, Early Warning is an "affiliate" of Chase and is partially owned by Chase. Second, Plaintiff contends that Early Warning provided an essential service for the payment transaction at issue here. Compl. ¶ 14. Plaintiff barely distinguishes between the two defendants. *Id.* ¶¶ 16–18, 20, 23, 26, 27 (alternating between "QuickPay" and "QuickPay through clearXchange"). Instead, he bases his claims on the same alleged misconduct. *Id.* ¶¶ 29–30, 36–37. For example, he alleges that he made his payment through a "software application that is controlled by" Early Warning. *Id.* ¶ 1. He alleges that this application operates by "using an agent known as 'clearXchange,'" which is a service owned by Early Warning. *Id.* ¶¶ 13, 15. And he alleges that clearXchange "works to transfer funds to or from" bank accounts. *Id.* ¶ 14. And he alleges that the bank transfer at issue in this case was "electronically transferred [] from Plaintiff via Quickpay through clearXchange." *Id.* ¶ 27.

In sum, Chase and Early Warning—at least as it relates to Plaintiff's allegations and the online payment and clearXchange services at issue in this case—were "closely related." It was therefore "reasonably foreseeable" that Early Warning would seek to enforce Chase's arbitration provision. As such, Early Warning can compel arbitration against Plaintiff under Chase's Online Services Agreement.

## IV.    CONCLUSION

For all the reasons stated herein and in Chase's motion to compel arbitration, Plaintiff is contractually required to individually arbitrate, rather than litigate in court, his claims against Early

Warning. Accordingly, Early Warning respectfully requests that this Court grants its Motion to Compel Arbitration and dismiss, or alternatively, stay this case in favor of arbitration.

Date: December 7, 2018

Respectfully submitted,

/s/ *Kristine McAlister Brown*
Kristy McAlister Brown (*admitted pro hac vice*)
Derin Dickerson (*pro hac vice admission pending*)
Matthew L.J.D. Dowell (*admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Phone: (404) 881-7000
kristy.brown@alston.com
derin.dickerson@alston.com
matt.dowell@alston.com

Steven L. Baron (ARDC #6200868)
Danielle N. Twait (ARDC #6298748)
MANDELL MENKES LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
Phone: (312) 251-1009
sbaron@mandellmenkes.com
dtwait@mandellmenkes.com

*Attorneys for Defendant, Early Warning Services, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing has been served on December 7, 2018 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

/s/ *Kristine McAlister Brown*